# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## WESTERN DIVISION

Genesis Boynton
3067 Old Eighty Rd.
Millen, GA 30442

       Plaintiff,

v.

United Collection Bureau, Inc.
5620 Southwyck Blvd, Suite 206
Toledo, OH 43614

       Defendant.

CASE NO.:

JUDGE:

**COMPLAINT FOR DAMAGES
UNDER THE FAIR DEBT
COLLECTION PRACTICES ACT,
INVASION OF PRIVACY,
AND OTHER EQUITABLE RELIEF**

**JURY DEMAND ENDORSED HEREIN**

## JURISDICTION AND VENUE

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692.  Venue is proper in this district because Defendant resides in this district under 28 U.S.C. § 1391.

## FACTS COMMON TO ALL COUNTS

2. The Plaintiff is a person who incurred a consumer debt primarily for personal, family or household purposes.

3. Defendant is a corporation doing business primarily as a consumer debt collector.

4. Defendant is a debt collector as defined by the FDCPA, 15 U.S.C. §1692a(6).

5. The Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

6. The debt in question qualifies as a "debt" as defined by 15 U.S.C. §1692a(5).

7. Defendant is either the holder of the debt or was retained by the current holder to collect the debt.

8. Plaintiff filed this Complaint within the timeframe permitted under the FDCPA.

9. On or around August 21, 2007, Defendant contacted Plaintiff's Grandmother by telephone.

10. During the communication referenced immediately above, Defendant disclosed Plaintiff's debt to Plaintiff's grandmother.

11. During the communication referenced immediately above, Defendant informed Plaintiff's grandmother that Defendant's client ("Citicard") was suing Plaintiff.

12. On or around August 21, 2007, during a communication regarding Plaintiff's debt, Defendant informed Plaintiff that Citicard was suing Plaintiff.

13. On or around August 21, 2007 Plaintiff contacted Citicard and Citicard informed Plaintiff that Citicard was not suing Plaintiff.

14. On or around August 21, 2007, during a communication regarding Plaintiff's debt, Plaintiff asked Defendant why Defendant lied to Plaintiff about being sued, and Defendant replied by yelling at Plaintiff to grow up and be responsible, then Defendant abruptly hung up the telephone on Plaintiff.

15. On or around August 21, 2007, despite having Plaintiff's contact information, Defendant again contacted Plaintiff's grandmother.

16. During the communication referenced immediately above, Defendant informed Plaintiff's grandmother that Plaintiff was backing out of a payment arrangement.

17. Plaintiff never set up a payment arrangement with Defendant.

18. On or around August 21, 2007, despite having Plaintiff's contact information, Defendant contacted Plaintiff's parents and left a voice message.

19. During the communication referenced immediately above, Defendant stated that Defendant's client was suing Plaintiff, and Defendant needed to find Plaintiff.

20. Defendant has damaged Plaintiff emotionally and mentally and has caused substantial anxiety and stress.

21. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

22. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

23. The Defendant violated 15 U.S.C. §1692d in that defendant used obscene and/or abusive language during its communications in furtherance of debt collection.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

24. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

25. The Defendant violated 15 U.S.C. §1692c in that it contacted a third party and disclosed the existence, nature and/or amount of the debt.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

26. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

27. The Defendant violated 15 U.S.C. §1692c in that it contacted a third party more than once and is without justification for multiple contacts.

## COUNT FOUR

### Violation of the Fair Debt Collection Practices Act

28. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

29. The Defendant violated 15 U.S.C. §1692c in that it contacted a third party and failed to comply with 15 U.S.C. §1692b.

## COUNT FIVE

**Violation of the Fair Debt Collection Practices Act**

30. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

31. The Defendant violated 15 U.S.C. §1692f in that its actions were unfair and/or unconscionable means to collect a debt.

## COUNT SIX

**Violation of the Fair Debt Collection Practices Act**

32. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

33. The Defendant violated 15 U.S.C. §1692e, generally, by having non-attorneys overtly state that they could control the decision to litigate and the timing and scope of the litigation, when in fact this would be an attorney decision.

## COUNT SEVEN

**Violation of the Fair Debt Collection Practices Act**

34. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

35. The Defendant violated 15 U.S.C. §1692e in that it threatened legal action where such action was not contemplated, and stated for the sole purpose of terrifying the Plaintiff.

## COUNT EIGHT

**Violation of the Fair Debt Collection Practices Act**

36. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

37. The Defendant violated 15 U.S.C. §1692e by making misrepresentations during its conversations with Plaintiff.

## <u>COUNT NINE</u>

### **Invasion of Privacy by Intrusion upon Seclusion**

38. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

39. Defendant intentionally interfered, physically or otherwise, with the solitude, seclusion, and or private concerns or affairs of the Plaintiff.

40. Defendant intentionally caused harm to the Plaintiff's emotional well being by engaging in highly offensive conduct in the course of collecting a debt, as described herein.

41. Plaintiff has a reasonable expectation of privacy in Plaintiff's solitude, seclusion, and or private concerns or affairs.

42. The intrusion by Defendant occurred in a way that would be highly offensive to a reasonable person in that position.

43. As a result of such invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant.

### <u>JURY DEMAND</u>

44. Plaintiff demands a trial by jury.

### <u>PRAYER FOR RELIEF</u>

45. Plaintiff prays for the following relief:

    a.  Judgment against Defendant for actual damages, statutory damages pursuant to 15 U.S.C. §1692k and costs, and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

    b.  Judgment, in an amount to be determined at trial, against Defendant for the Invasion of Privacy by Intrusion upon Seclusion.

    c.  For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Macey & Aleman, P.C.

By:_____/s/ Jeffrey S. Hyslip_____
    Jeffrey S. Hyslip
    Bar # 0079315
    Attorney for Plaintiff
    20 W. Kinzie Street, Suite 1300
    Chicago, IL 60610
    Telephone:  866-339-1156
    Email:  jsh@legalhelpers.com